# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3413

_____

Leta Anthony; Stephan Pettus; Aretha Ward; Nicole Winstead,

        Plaintiffs,

R. S. McCullough, On Behalf of Themselves and all others similarly situated,

        Appellant,

        v.

Mark Stodola, Individual and Official Capacity; Tom Carpenter, Individual and Official Capacity; City of Little Rock; Stacy Hurst, Individual and Official Capacity; Brad Cazort, Individual and Official Capacity; Michael Keck, Individual and Official Capacity; Doris Wright, Individual and Official Capacity; Dean Kumpuris, Individual and Official Capacity; Gene Fortson, Individual and Official Capacity,

        Appellees,

Kent Walker, Individual and Official Capacity; Ozell Snider, Individual and Official Capacity; Susan Inman, Individual and Official Capacity,

        Defendants,

Appeal from the United States District Court for the Eastern District of Arkansas.

[UNPUBLISHED]

Mike Beebe, Individual and Official
Capacity; State of Arkansas,

        Appellees,

Martha McCaskill, Individual and
Official Capacity,

        Defendants.

        \*
        \*
        \*
        \*
        \*
        \*
        \*
        \*
        \*

_____

Submitted: June 4, 2009
Filed: July 27, 2009

_____

Before RILEY, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

R.S. McCullough challenges the district court's[1] dismissal of his civil action for lack of standing. After de novo review, *see St. Paul Area Chamber of Commerce v. Gaertner*, 439 F.3d 481, 484 (8th Cir. 2006) (standard of review), we agree that he lacked standing, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 573-74 (1992) (party invoking federal jurisdiction bears burden of establishing standing elements; recognizing that plaintiff who raises only generally available grievance about government does not state Article III case or controversy); *cf. Shaw v. Hunt*, 517 U.S. 899, 904 (1996) (plaintiff who resides in district which is subject of racial-gerrymander claim has standing to challenge legislation which created that district, but plaintiff from outside that district lacks standing absent specific evidence that he personally has been subjected to racial classification); *United States v. Hays*, 515 U.S. 737, 743-44 (1995) (rule against generalized grievances applies with as much force in equal protection context; if governmental actor is discriminating on basis of race,

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

resulting injury accords basis for standing only to those persons who are personally denied equal treatment by challenged discriminatory conduct); *Oti Kaga, Inc. v. S.D. Hous. Dev. Auth.*, 342 F.3d 871, 880 (8th Cir. 2003) (claimed injury runs afoul of prudential standing when its effects are indistinct from those felt by persons generally, thus depriving plaintiff of unique stake in controversy).

Accordingly, we affirm.  *See* 8th Cir. R. 47B.

_____